UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
REBECCA MORAN and CASSANDRA LAWRENCE,        Civil Action No.:

                Plaintiffs,        **COMPLAINT**

    - against -

HARD ROCK HOTEL AND CASINO ATLANTIC CITY,

                Defendant.
------------------------------------------------------------------------x

Plaintiffs REBECCA MORAN and CASSANDRA LAWRENCE, by and through their attorney, Joseph S. Fritzson, Esq., from J.S. FRITZSON LAW FIRM, P.C., for their Complaint, respectfully allege the following:

## NATURE OF ACTION

1. In this action, Plaintiffs seeks judgment against Defendant for its violations of Section 12182(a) and (b)(2)(A)(ii) of the Americans with Disabilities Act.

## THE PARTIES

2. Plaintiffs REBECCA MORAN and CASSANDRA LAWRENCE are residents of the State of New York, County of Suffolk.

3. Defendant HARD ROCK HOTEL AND CASINO ATLANTIC CITY maintains and operates a public accommodation, a hotel, in the State of New Jersey, County of Atlantic.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the subject matter arises under the Constitution and laws of the United States.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiffs reside in this district.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFFS' CAUSE OF ACTION

6. On or about July 6, 2024, Plaintiffs arrived at Defendant's hotel with two other guests. Despite calling a month in advance to inform Defendant of their disabilities and need for their rooms to be ready upon arrival due to their medical conditions, Plaintiffs were informed that only one of their reserved rooms was ready upon their arrival at approximately 7:00 PM. Plaintiff REBECCA MORAN explained the urgency of her need to access her room due to lupus flareups and a requirement to administer medication. Front Desk Supervisor David A. displayed a dismissive and discriminatory attitude in response as he first suggested they use a king-size bed room, which was unsuitable for Plaintiffs' needs as disabled guests.

7. After Plaintiff REBECCA MORAN insisted on appropriate accommodations, David A. threatened to cancel Plaintiffs' reservation. David A. also falsely claimed to be the highest level of management available and refused to contact his superiors despite Plaintiff REBECCA MORAN 's repeated requests for assistance.

8. As the situation escalated, David A. suggested Plaintiff REBECCA MORAN take her injection in the lobby, demonstrating a complete disregard for both her privacy and medical needs. This behavior continued even as Plaintiff REBECCA MORAN's condition visibly deteriorated, culminating in a medical emergency in the lobby. Defendant's staff, including David A., failed to respond appropriately, leaving other guests and an off-duty EMT to run over to assist Plaintiff REBECCA MORAN.

9. Following Plaintiff REBECCA MORAN's collapse, which resulted in bruises to her wrists, arms, side, and thigh, security personnel finally intervened and provided a temporary room for her to recover and administer her medication. However, the promised two-queen bedroom was not made available for over an hour, during which time no staff member provided

any updates or assistance regarding the situation. When a new room was finally offered, it was a suite with inadequate sleeping arrangements for disabled guests, forcing Plaintiff REBECCA MORAN to sleep on a couch despite her recent medical episode and ongoing pain.

10. Throughout the remainder of their stay, Defendant failed to adequately address or remediate the situation. Plaintiff CASSANDRA LAWRENCE was forced to move luggage between three different rooms, exacerbating her own medical conditions, and the stress and physical strain of these events significantly worsened both Plaintiffs' lupus symptoms, necessitating additional medical interventions following their stay. Furthermore, the traumatic nature of the experience compelled Plaintiff REBECCA MORAN to schedule an emergency appointment with her psychologist/therapist to address the psychological impact of the incident.

11. On or about July 8, 2024, Kristina Thompson from Risk Management finally contacted Plaintiff REBECCA MORAN. Rather than addressing Defendant's failures, Kristina Thompson inappropriately questioned Plaintiff REBECCA MORAN about her medical condition and attempted to compare it to her own experiences. This interaction further demonstrates Defendant's lack of understanding and sensitivity towards Plaintiff REBECCA MORAN's specific needs and the severity of the situation.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Disability Discrimination in Violation of Sections 12182(a) and (b)(2)(A)(ii) of the Americans with Disabilities Act)**

12. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

13. Section 12182(a) of the Americans with Disabilities Act states that no individual is to be discriminated against on the basis of disability in the full and equal enjoyment of the services,

3

facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns and/or operates a place of public accommodation.

14. Further, Section 12182(b)(2)(A)(ii) goes on to state that discrimination includes a failure to make reasonable modifications in policies or procedures, when such modifications are necessary to afford services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

15. During their time at Defendant's hotel, Plaintiffs experienced discrimination on the basis of their lupus conditions resulting in an inability to fully and equally enjoy the services and accommodations of the aforementioned hotel. Plaintiffs specifically requested, prior to their arrival, that their rooms be immediately available as they needed a private space due to lupus flareups and the need to administer medication yet were denied the rooms that they required.

16. Rather than make any modifications to accommodate Plaintiffs' disabilities, which Plaintiffs affirmatively informed Defendant of well in advance of their arrival, Defendant willfully failed to provide Plaintiffs with the rooms that they specifically requested and required due to the aforementioned disabilities and forced Plaintiffs to constantly move their luggage.

17. As a result of the stress induced by Defendants' failure to make the proper modifications based upon Plaintiffs' disabilities, the lupus symptoms of both Plaintiffs were significantly and wrongfully exacerbated.

18. Based upon Defendant's failure to provide Plaintiffs with equal enjoyment of the services and accommodations of its hotel, through its discrimination of Plaintiffs' lupus conditions, and abject failure to make any reasonable modifications in policies or procedures despite being aware of Plaintiffs' needs for such modifications, it is evident that Defendant violated Sections 12182(a) and (b)(2)(A)(ii) of the Americans with Disabilities Act.

19. As a result of the foregoing violation of Sections 12182(a) and (b)(2)(A)(ii) of the Americans with Disabilities Act, Defendant is to provide $800,000.00 to Plaintiffs as they suffered humiliation, embarrassment, damage to their character and reputation, emotional and mental distress, and exacerbation of medical conditions.

WHEREFORE, Plaintiffs REBECCA MORAN and CASSANDRA LAWRENCE demand judgment against Defendant HARD ROCK HOTEL AND CASINO ATLANTIC CITY as follows:

A. Compensatory damages on their First Cause of Action in the sum of $800,000.00;

B. Attorney's fees, costs, and disbursements of this action; and

C. For such other and further relief as the Court may deem to be just, equitable, and proper.

Dated: Lake Success, New York
October 2, 2024

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiffs*
REBECCA MORAN and
CASSANDRA LAWRENCE
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676

TO: HARD ROCK HOTEL AND CASINO ATLANTIC CITY
1000 Boardwalk
Atlantic City, New Jersey 08401