**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
REBECCA MORAN; CASSANDRA LAWRENCE,

               Plaintiffs,

        -against-

HARD ROCK HOTEL and CASINO ATLANTIC CITY,

               Defendant.
---------------------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-07026 (OEM) (TAM)

ORELIA E. MERCHANT, United States District Judge:

This action, brought under Section 12182(a) and (b)(2)(A)(ii) of the Americans with Disabilities Act ("ADA") by Plaintiffs Rebecca Moran ("Moran") and Cassandra Lawrence ("Lawrence") (together, the "Plaintiffs") against Defendant Hard Rock Hotel and Casino Atlantic City ("Defendant"), arises out of Plaintiffs' stay at Defendant's hotel, a public accommodation, located in Atlantic City, New Jersey. Complaint ("Compl."), ECF 1. On October 9, 2024, less than a week after the complaint was filed, Magistrate Judge Merkl issued an order to show cause directing Plaintiffs to show cause why this action should not be transferred to the United States District Court for the District of New Jersey. *See* October 9, 2024 Order to Show Cause. Magistrate Judge Merkl found that:

> The allegations of Plaintiffs' complaint (ECF No. 1) raise questions regarding whether venue is proper in the Eastern District of New York. Venue is governed by 28 U.S.C. § 1391(b), which provides that an action may brought in the "judicial district in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A transfer under § 1406(a) may be made upon motion or by a court *sua sponte. See Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases). The complaint indicates that the Defendant Hard Rock Hotel and Casino Atlantic City maintains and operates a public accommodation, a hotel, in the State of New Jersey, County of Atlantic, and all

1

events alleged in the complaint occurred in Atlantic City, New Jersey. (*See* Compl., ECF No. 1, 3, 6-11.) Accordingly, it appears that the proper venue for this action is United States District Court for the District of New Jersey. *See* 28 U.S.C. § 110.

*See id.* Magistrate Judge Merkl therefore ordered Plaintiffs to show cause by October 16, 2024, "why venue is proper in this district and, if not, whether Plaintiffs object to a transfer of venue and on what grounds." *Id.* Magistrate Judge Merkl warned Plaintiffs that "fail[ure] to show cause as to why venue is proper [in this District] or present argument as to where venue should lie by [that date]" would result in the Court directing the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *Id.*

On October 14, 2024, Plaintiffs, represented by counsel, filed a response. *See* Letter re: Venue ("Resp. to OSC"), ECF 6. Plaintiffs indicated that this Court has jurisdiction over this case under 28 U.S.C. § 1331 and § 1332. *Id.* at 1. Plaintiffs relied on *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 458 (E.D.N.Y. 2013) for the factors a court may consider on a motion for transfer of venue: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *Id.* at 2 (citing *Zaltz*, 952 F. Supp. 2d at 458-59). Plaintiffs argued that each of these factors supports venue in this District. *Id.*

On November 13, 2024, Defendant filed a letter motion for a pre-motion conference in anticipation of its motion to transfer venue and requested in the alternative that the Court transfer this action *sua sponte*. Defendant's Letter Motion for a Pre-Motion Conference ("Def's PMC Ltr"), ECF 9. Defendant argued that Plaintiffs' response addressed "issues of jurisdiction and not venue" because Plaintiffs "only made reference to 28 U.S.C. § 1331 and § 1332" and did not address the provisions of 28 U.S.C. § 1391. Def's PMC Ltr at 3. Under the Court's Individual

2

Practices and Rules, Plaintiffs' responsive letter was due November 20, 2024. *See* Individual Practices and Rules III.B.2 (providing seven days for parties to file a responsive letter to a pre-motion conference request).

On December 11, 2024, the Court found that Plaintiffs had not filed a response to Defendant's pre-motion conference request and therefore ordered Plaintiffs to show cause by December 18, 2024, "why venue is proper in this district and, if not, whether Plaintiffs object to a transfer of venue and on what grounds" and to file responsive letter by that date. *See* December 11, 2024 Order to Show Cause. The Court warned Plaintiffs that failure to show cause by December 18, 2024, "why venue is proper in this District or present argument in a responsive letter to Defendant's letter motion as to where venue should lie" would result in "transfer [of] this action to the United States District Court for the District of New Jersey or dismiss[al] [of] this action under Rule 41(b) for failure to prosecute." *Id.* Plaintiffs filed a responsive letter making the same arguments Plaintiffs previously made in their response to the Court's October 9, 2024 order to show cause. Plaintiffs' Responsive Pre-Motion Conference Letter ("Pls' PMC Opp."), ECF 10.

Plaintiffs' responsive letter does not cure the complaint's failure to establish that venue is proper in the Eastern District of New York. Indeed, the complaint alleges that Defendant "operates a public accommodation, a hotel, in the State of New Jersey" Compl. ¶ 3; that Plaintiffs "arrived at Defendant's hotel" and that Defendant failed to provide adequate accommodations despite being made aware "in advance" of Plaintiffs' "disabilities [and] medical conditions" *id.* ¶ 6; that, as a result, Moran "collapse[d]" in the lobby and suffered injuries and Lawrence's medical conditions "worsened" *id.* ¶¶ 9, 10; and that Defendant discriminated against them because of their medical conditions, *id.* ¶ 15.

Venue is governed by 28 U.S.C. § 1391(b), which provides that an action may be brought in the judicial district "in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated," or "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Thus, based on the allegations in the complaint, it is clear that the Eastern District of New York does not satisfy any of these requirements and that the proper venue for this action is the United States District Court for the District of New Jersey.  *See* 28 U.S.C. § 110 ("New Jersey constitutes one judicial district."); *see Pisani*, 2009 WL 749893, at *7-8.

Despite two opportunities to show that venue is proper in this District, Plaintiffs have not in fact provided a basis for venue.  Plaintiffs have alleged that Defendant resides in the State of New Jersey for purposes of venue and acknowledged that "the events that prompted the subject matter occurred in the State of New Jersey[.]"  *See* Compl. ¶ 3; Resp. to OSC at 3; Pls' PMC Opp. at 3.  Plaintiffs' reliance on the factors set forth in *Zaltz* does not address the threshold question for the Court, which is whether venue was *improper* in this District.  Plaintiffs argue, *inter alia*, that Plaintiffs reside in New York, that most of the documents related to their medical treatment following the incident in New Jersey to prove her claims and the witnesses are located in New York.  However, the fact that Plaintiffs reside in New York, chose to file their action in this District, the majority of the witnesses are located in New York, and the proof to substantiate Plaintiffs' claims is in New York, "does not create venue in this District where all of the events relevant to the claims took in place in [New Jersey]." *Pisani*, 2009 WL 749893, at *7.  Plaintiffs therefore have not met §§ 1391(b)(1) and (2)'s requirements and cannot meet § 1391(b)(3)'s requirements

4

because Plaintiffs cannot show that there is no district in which this lawsuit could otherwise be brought under the law. Further, consideration of the "discretionary factors" set in *Zaltz* and Plaintiffs' arguments, on balance, weigh in favor of transfer.

Moreover, a court "shall dismiss, or if it be in the interest of justice, transfer [a case filed in the wrong district] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A transfer under § 1406(a) may be made upon motion or by a court *sua sponte*. *See Pisani*, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases). Given that the claims arose in New Jersey and Defendant is located in New Jersey, the Court finds it to be in the interest of justice to transfer the case.

Accordingly, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Compliance with the filing fee requirement is reserved for the transferee Court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires the Clerk of Court to wait seven days before effectuating the transfer of the case to the transferee court, is waived.

**SO ORDERED.**

/s/ _____
ORELIA E. MERCHANT
United States District Judge

January 6, 2025
Brooklyn, New York

5